FILED
 2006 Aug-08 PM 04:40
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **KENDRICK MOORE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CV 05-B-2307-NE |
| | ) |
| **84 LUMBER COMPANY,** | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This case is presently pending before the court on defendant's Motion for Summary Judgment Based upon Judicial Estoppel. (Doc. 5.) Plaintiff, Kendrick Moore, has sued his employer, 84 Lumber Company, alleging that, in violation of federal law, defendant discriminated against him on the basis of his race and that it retaliated against him for complaining about discrimination. Plaintiff also alleges state-law causes of action for outrage and for negligent or wanton training, supervision, and retention. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion for Summary Judgment, (doc. 5), is due to be denied.

**I. SUMMARY JUDGMENT STANDARD**

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the

initial burden of showing no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. Nevertheless, the non-moving party need not be given the benefit of every inference but only of every **reasonable** inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II. DISCUSSION

Defendant asks the court to dismiss plaintiff's claims based on judicial estoppel due to plaintiff's failure to disclose his claims during a Chapter 13 bankruptcy proceeding. According to the Eleventh Circuit:

> Judicial estoppel is an equitable concept invoked at a court's discretion and designed to prevent the perversion of the judicial process. Although the Supreme Court has noted that the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle, we generally consider two factors. First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system.

*Parker v. Wendy's Intern., Inc.*, 365 F.3d 1268, 1271 (11th Cir. 2004)(internal citations and quotations omitted).

Plaintiff filed for Chapter 13 bankruptcy on July 8, 2003. His Plan was confirmed on October 6, 2003. He began working for defendant on November 8, 2004. Logically, plaintiff cannot be judicially estopped from pursuing his claims against defendant in this action because he did list such claims as assets before such claims arose. Therefore, defendant's estoppel argument is based on an omission and two statements occurring after plaintiff filed his bankruptcy petition: (1) plaintiff's failure to amend his bankruptcy petition to list his claims against defendant as assets after such claims arose but before the bankruptcy case was closed; (2) plaintiff's application to suspend his Plan for 90 days, in which he stated he was unemployed; and (3) plaintiff's motion to modify his Plan and supporting documentation indicating he earned $800/month and had been working for defendant for only two months.

**A. FAILURE TO AMEND TO LIST CLAIMS AS ASSETS.**

In a Chapter 13 case, "following confirmation, only that property necessary for the execution of the plan remains property of the bankruptcy estate." *In re Frausto*, 259 B.R. 201, 208 (Bkrtcy. N.D. Ala. 2000)(citing *Telfair v. First Union Mortgage Corp.*, 216 F.3d

3

1333, 1340 (11th Cir.), *cert. denied*, 531 U.S. 1073 (2000)).  In other words, pre-petition creditors, except in limited situations, have no right to claim property acquired post-confirmation; therefore, no advantage is gained by not amending to list it.  *See id*. n.14 ("'[W]hen a case under chapter 13 of this title is converted to a case under another chapter of this title . . . property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion . . . .'  11 U.S.C. § 348(f)(1)(A).  Section 348(f)(1)(A) is a clear recognition that **upon confirmation**, a debtor is free to exercise all rights of ownership in property, including the right to dispose of that property, and that creditors may not look to that property for the payment of their claims or otherwise dictate how that property may be dealt with or disposed of by the debtor.")(emphasis added).

Plaintiff's claims related to his employment with defendant are not property of the bankruptcy estate and, because pre-petition creditors could not claim any portion of such a post-petition asset, plaintiff's failure to amend his bankruptcy petition to reflect such claims did not cause an unfair advantage in his bankruptcy case.  Therefore, defendant's Motion for Summary Judgment based upon plaintiff's failure to amend his petition is due to be denied.

Even if the court were to find plaintiff's pre-petition creditors could claim a portion of his post-petition claims, the court cannot find an "unfair advantage" based on plaintiff's failure to amend because his bankruptcy petition has been dismissed.

In its Supplemental Brief in Support of Summary Judgment, defendant informs the court that plaintiff's Chapter 13 bankruptcy proceeding has been dismissed based on plaintiff's failure to make payments. This dismissal basically "undid" the Chapter 13 filing and vested all pre-petition property in the debtor. *See In re Davis*, 2004 WL 3310531, *2 (Bkrtcy. M.D. Ala. 2004)("Under § 349(b)(3), dismissal of a case 'revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.' 'The objective of section 349(b) is to **undo** the title 11 case insofar as is practicable, and to restore all property rights to the position they occupied at the beginning of such case.' 3 Lawrence P. King, Collier on Bankruptcy ¶ 349.01[2], at 349-3 (15th ed. rev.2003).")(footnote omitted). Whatever benefit or advantage plaintiff may have received based upon his failure to amend his petition was "undone" by the dismissal. *See* 11 U.S.C. § 349(b).[1]

---

[1]Section 349 provides:

(b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title –

   (1) reinstates –

      (A) any proceeding or custodianship superseded under section 543 of this title;

      (B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and

      (C) any lien voided under section 506(d) of this title;

**B. UNTRUE STATEMENTS IN PLAINTIFF'S APPLICATION TO SUSPEND HIS PLAN FOR 90 DAYS AND IN PLAINTIFF'S MOTION TO MODIFY HIS PLAN AND SUPPORTING DOCUMENTS.**

Defendant contends that plaintiff made untrue statements in an application to suspend his Plan and in a motion to modify his Plan. The court notes that neither of these documents were signed by plaintiff under oath. Therefore, such allegedly untrue statements attributable to plaintiff do not create a situation of judicial estoppel because the untrue statements – whether or not inconsistent with plaintiff's position in this case – were not plaintiff's statements made under oath. *See Parker*, 365 F.3d at 1271.

Because defendant has not shown that plaintiff made inconsistent statements under oath in his bankruptcy case, the court is of the opinion that it is has not shown that it is entitled to judgment as a matter of law on the ground of judicial estoppel based on the allegedly untrue statements in the application and motion.

---

(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

11 U.S.C. § 349(b).

**CONCLUSION**

For the foregoing reasons, the court is of the opinion that defendant is not entitled to judgment as a matter of law. An Order denying defendant's Motion for Summary Judgment Based upon Judicial Estoppel, (doc. 5), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 8th day of August, 2006.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE